**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

|  |  |  |
|---|---|---|
| | * | |
| **MICRO FOCUS (US), INC.,** | * | |
| and **MICRO FOCUS (IP) LTD,** | * | |
| | * | |
| Plaintiffs, | * | |
| | * | |
| v. | * | Case No.: RWT 09cv1085 |
| | * | |
| **BELL CANADA,** | * | |
| | * | |
| Defendant. | * | |
| | * | |
| | *** | |

## MEMORANDUM OPINION

This case involves interpretation of a clause contained in a licensing agreement between

Plaintiffs Micro Focus (US), Inc. and Micro Focus (IP) Ltd (collectively, "Micro Focus") and

Defendant Bell Canada.  Micro Focus contends that the clause in question constitutes a valid and

enforceable forum selection clause by which Bell Canada consented to the jurisdiction of this

Court.  Echoing the refrain of the Echobelly song, Bell Canada says "I don't belong here" and

moves to dismiss Micro Focus' Amended Complaint for lack of personal jurisdiction, arguing

that the clause is unenforceable and objecting to personal jurisdiction on constitutional grounds.

See Echobelly, I Don't Belong Here, on Kali Yuga (Fry Up 2001).  Because the Court concludes

that the clause in question is unenforceable against Bell Canada, and because no other basis for

personal jurisdiction exists, the Court will grant Bell Canada's motion to dismiss by a separate

order.

**I**

Micro Focus (US), Inc. is a Delaware corporation with its principal place of business in

Rockville, Maryland, and is a United States subsidiary of Micro Focus International plc, a public

corporation in the United Kingdom.  <u>See</u> Am. Compl. ¶ 1.  It licenses and supports business

enterprise computer software.  <u>Id.</u>  Micro Focus (IP) Ltd is a corporation incorporated under the

laws of the United Kingdom with its principal place of business in the United Kingdom and is

also a subsidiary of Micro Focus International plc.  <u>Id.</u> at ¶ 2.  It owns various intellectual

property rights, including the copyrights at issue in this action.  <u>Id.</u>

Bell Canada is a Canadian corporation with its principal place of business in Toronto,

Ontario.  <u>Id.</u> at ¶ 3.  It is Canada's largest communications company, and provides telephone,

wireless communications, high-speed Internet, digital television, and Voice over Internet

Protocol ("VoIP") services to its customers.  <u>Id.</u>

Prior to December 31, 2008, Bell Canada executed an End User License Agreement

("EULA") with Micro Focus for use of proprietary and copyrighted software called "Application

Server for Server Express."  <u>Id.</u> at ¶¶ 7, 10.  Bell Canada incorporated Micro Focus' software

into its "Conso system," a billing system that allows Bell Canada's customers to manage their

telephone accounts.  <u>Id.</u> at ¶¶ 9, 15.  The EULA limits Bell Canada's use of the software to

<u>internal</u>, identified users within Bell Canada.  <u>Id.</u> at ¶¶ 7, 11–12.  According to Micro Focus, Bell

Canada used the Conso system in environments that allowed unlicensed, unidentified <u>external</u>

users to access information processed by Micro Focus' software.  <u>Id.</u> at ¶¶ 16, 19.

Paragraph 17 of the EULA reads in pertinent part as follows:

> **MISCELLANEOUS.** . . . <u>If Licensee acquires the Software in North America, the laws of the state of Maryland govern this License Agreement.</u>  If Licensee acquires the Software in France, Germany or Japan, this License Agreement is governed by the laws of the country in which Licensee acquired the Software.  In the rest of the world the laws of England govern this License Agreement.  The aforesaid applicable law shall apply without regard to conflicts of laws provisions thereof, and without regard to the United Nations Convention on the International Sale of Goods.  <u>This License Agreement shall be subject to the exclusive jurisdiction of the courts of the country determining the applicable law as aforesaid.</u>

Def's Mot. Ex.A ¶ 17 (emphases added).

Micro Focus filed a Complaint and a subsequent Amended Complaint against Bell Canada, alleging that Bell Canada breached the EULA (Count I) and infringed Micro Focus (IP) Ltd's copyrights (Count III).  Am. Compl. ¶¶ 21–24, 29–31.  In Count II, Micro Focus requests a declaratory judgment, stating that (i) Defendant's use has exceeded its licenses, (ii) Micro Focus may invoice Bell Canada at current license fees, and (iii) Bell Canada is liable for such invoiced amounts.  Id. at ¶¶ 25–28.  In response, Bell Canada moved to dismiss Micro Focus' Amended Complaint for lack of personal jurisdiction.

## II

Under Federal Rule of Civil Procedure 12(b)(2), a civil action is subject to dismissal if the forum court lacks the requisite personal jurisdiction.  See Fed. R. Civ. P. 12(b)(2).  Once a defendant challenges a court's power to exercise personal jurisdiction over the defendant under Rule 12(b)(2), "the jurisdictional question is to be resolved by the judge, with the burden on the plaintiff ultimately to prove grounds for jurisdiction by a preponderance of the evidence."  Carefirst of Md., Inc. v. Carefirst Pregnancy Ctrs., Inc., 334 F.3d 390, 396 (4th Cir. 2003).

The Supreme Court has "noted that, because the personal jurisdiction requirement is a waivable right, there are a variety of legal arrangements by which a litigant may give express or implied consent to the personal jurisdiction of the court."  Burger King Corp. v. Rudzewicz, 471 U.S. 462, 472 n.14 (1985) (quotation marks omitted).  The Court continued, "For example, particularly in the commercial context, parties frequently stipulate in advance to submit their controversies for resolution within a particular jurisdiction.  Where such forum-selection provisions have been obtained through freely negotiated agreements and are not unreasonable and unjust, their enforcement does not offend due process."  Id. (citations and quotation marks

omitted).  Likewise, the Fourth Circuit has recently stated, "We note in passing that a valid <u>forum</u> selection clause, unlike a choice of law clause, may act as a waiver to objections to personal jurisdiction."  <u>Consulting Eng'rs Corp. v. Geometric Ltd.</u>, 561 F.3d 273, 281 n.11 (4th Cir. 2009).

Properly drafted forum selection clauses allow parties to designate, in advance, the forum in which their dispute will be heard.  <u>See</u> <u>Nat'l Equip. Rental, Ltd. v. Szukhent</u>, 375 U.S. 311, 315–16 (1964).  They are prima facie valid and presumptively enforceable.  <u>See</u> <u>M/S Bremen v. Zapata Off-Shore Co.</u>, 407 U.S. 1, 10, 15 (1972).  The presumption of enforceability may be overcome by a showing that the forum selection clause is "unreasonable under the circumstances."  <u>Id.</u> at 10 (quotation marks omitted).  "Choice of forum provisions may be found unreasonable if (1) their formation was induced by fraud or overreaching; (2) the complaining party 'will for all practical purposes be deprived of his day in court' because of the grave inconvenience or unfairness of the selected forum; (3) the fundamental unfairness of the chosen law may deprive the plaintiff of a remedy; or (4) their enforcement would contravene a strong public policy of the forum state."  <u>Allen v. Lloyd's of London</u>, 94 F.3d 923, 928 (4th Cir. 1996) (citing <u>Carnival Cruise Lines, Inc. v. Shute</u>, 499 U.S. 585, 595 (1991) and <u>Bremen</u>, 407 U.S. at 12–13).

The first step in evaluating the enforceability of a forum selection clause is to determine whether state or federal law should be applied.  In this case, the relevant choice of law provision in the EULA states that Maryland law applies.  <u>See</u> Def's Mot. Ex.A ¶ 17 ("If Licensee acquires the Software in North America, the laws of the state of Maryland govern this License Agreement.").  Maryland has adopted the federal standard for evaluation of forum selection clauses.  <u>Koch v. Am. Online, Inc.</u>, 139 F. Supp. 2d 690, 693 (D. Md. 2000) (Blake, J.).  The

enforceability of the forum selection clause against Bell Canada therefore depends on general contract interpretation principles.  See Idaho v. Shoshone-Bannock Tribes, 465 F.3d 1095, 1098 (9th Cir. 2006) (applying general principles of contract interpretation to construe a contract governed by federal law).  Under federal law, forum selection clauses are construed in an ordinary and popular sense by reasonable persons and full effect is given to the intention of the parties.  See 2 E. Allan Farnsworth, Farnsworth on Contracts § 7.9 (3d ed. 2004).

Because contract interpretation in Maryland courts is usually governed by Maryland law, the Fourth Circuit will also look to Maryland contract law for guidance.  See Moore v. Unum Provident Corp., 116 F. App'x 416, 419 (4th Cir. 2004).  Under Maryland law, a "court construing an agreement . . . must first determine from the language of the agreement itself what a reasonable person in the position of the parties would have meant at the time it was effectuated."  Tomran, Inc. v. Passano, 891 A.2d 336, 344 (Md. 2006) (quotation marks omitted).  "A contract is ambiguous if, when read by a reasonably prudent person, it is susceptible of more than one meaning."  Diamond Point Plaza Ltd. P'ship v. Wells Fargo Bank, N.A., 929 A.2d 932, 951 (Md. 2007) (quotation marks omitted).  Maryland law disfavors contract interpretation that leads to absurd results, see Chicago Title Ins. Co. v. 100 Inv. Ltd. P'ship, 355 F.3d 759, 764 (4th Cir. 2004) (applying Maryland law), or nullifies contract terms, see Heist v. E. Sav. Bank, 884 A.2d 1224, 1228 (Md. Ct. Spec. App. 2005).

As mentioned, the clause in question provides that the "License Agreement shall be subject to the exclusive jurisdiction of the courts of the country determining the applicable law as aforesaid."  Def's Mot. Ex.A. ¶ 17 (emphasis added).  The "aforesaid" refers to the relevant choice of law provision.  Because Bell Canada acquired Micro Focus' software in North

America, the relevant choice of law provision states, "If Licensee acquires the Software in North America, the laws of the state of Maryland govern this License Agreement."  Id.

Bell Canada argues that the clause at issue, as it relates to licensing agreements involving software purchased in North America, is ambiguous and nonsensical.  See Def's Mot. 18.  The clause states that the "courts of the country" identified in the North American choice of law provision have exclusive jurisdiction over the "License Agreement."  Bell Canada points out that the North American choice of law provision does not identify any "country"; rather, it only mentions "the state of Maryland."  Id.  Accordingly, in its view, the EULA does not select a forum for disputes arising out of licensing agreements executed by North American purchasers. Id.  Therefore, Bell Canada argues that it did not waive its objections to personal jurisdiction to this forum when it executed the EULA.  Id. at 23.

Micro Focus relies exclusively on the clause at issue as a basis for personal jurisdiction in this case. See Pls' Opp'n 3.[1]  In Micro Focus's view, the clause is enforceable against Bell Canada because it unambiguously vests this Court with jurisdiction over EULAs executed by North American purchasers.  Id. at 17.  According to Micro Focus, in the context of North American purchasers, "courts of the country determining the applicable law as aforesaid" refers to federal courts of the United States because Maryland is a part of the United States and because "of" denotes sovereignty rather than geography.  Id.  Consistent with this reading, Micro Focus

---

[1] Plaintiffs state the following:

> Because an enforceable forum-selection clause is a waiver of a party's jurisdiction objections, Bell Canada's alternative contentions concerning long-arm jurisdiction and minimum contacts are moot to the extent that the EULA's forum-selection clause is unenforceable.  In any event, for purposes of this motion only, the Plaintiffs do not contest Bell Canada's contentions regarding the long-arm statute and constitutional "minimum contacts."  Accordingly, this Court can and should deny Bell Canada's motion exclusively on the basis of the EULA's valid and enforceable forum-selection clause.

Pls' Opp'n 3.

contends that by executing the EULA, Bell Canada consented to the jurisdiction of <u>any</u> federal court in the United States, including this Court.  <u>Id.</u>

The Court essentially agrees with Bell Canada.  When the clause at issue refers to the choice of law provisions relating to France, Germany, and Japan, it is clear that the courts of France, Germany, and Japan, respectively, have exclusive jurisdiction over the License <u>Agreement</u>.  The forum selection clause is nonsensical, however, when it refers to the North American choice of law provision because no "country's law" applies to licensing agreements executed by North Americans.  Rather, Maryland law applies to those EULAs, and Maryland is a state, not a country.

In contrast to Bell Canada's reading of the forum selection clause, Micro Focus' interpretation is unreasonable.  A prudent North American businessperson would not likely read "courts of the country determining the applicable law as aforesaid" to mean all federal courts of the United States, as Micro Focus contends.  Micro Focus' interpretation requires two questionable inferences.  The first inference is that the "country" governing licenses executed by North Americans must be the United States because Maryland is part of the United States.  The second inference is that "courts <u>of</u> the country" means <u>all</u> federal courts in the United States. Both inferences are tenuous.[2]  Accordingly, the Court rejects Micro Focus' contention that the forum selection clause unambiguously refers to the federal courts of the United States.

The clause at issue is additionally nonsensical in that it vests courts with exclusive jurisdiction over a "License Agreement" rather than over parties or over actions arising out of the

---

[2]  According to Micro Focus' interpretation of the clause, the EULA would confer exclusive jurisdiction with a federal court even where the subject matter of the dispute is not within its purview.  For instance, if Micro Focus sued a non-diverse defendant for breach of contract, the federal courts of the United States would not possess subject matter jurisdiction over the state law claim.  In such a context, a forum selection clause vesting exclusive jurisdiction in the federal courts would be a <u>non</u> <u>sequitur</u>.

License Agreement.  <u>See</u> Def's Mot. Ex.A ¶ 17 ("This License Agreement shall be subject to the exclusive jurisdiction of the courts of the country determining the applicable law as aforesaid."). Courts have personal jurisdiction over persons and legal entities, not "agreements."  Unlike the clause at issue, a typical forum selection clause contained in a licensing agreement states that the <u>licensee</u> consents to the jurisdiction of a specific court for any action brought against it in connection with the licensing agreement.  <u>See, e.g.</u>, <u>CoStar Realty Info., Inc. v. Field</u>, 612 F. Supp. 2d 660, 667 (D. Md. 2009).  It is the licensee's consent to a specific jurisdiction that serves as waiver of its objections to personal jurisdiction.  <u>See Burger King</u>, 471 U.S. at 472 n.14; <u>Consulting Eng'rs</u>, 561 F.3d at 281 n.11.  Based on the awkward construction of the clause in question, it cannot fairly be said that Bell Canada consented to a specific jurisdiction for any action brought by Micro Focus in connection with the EULA.

While an intent to vest this Court with jurisdiction over EULA disputes involving North American purchasers might arguably be gleaned from paragraph 17, the best of intentions, if not clear and unequivocally communicated, simply will not suffice when it comes to a waiver of objections to personal jurisdiction.  Waiver of a constitutional right, such as the due process right implicated here, must be clear and unequivocal.  <u>See</u> <u>Fuentes v. Shevin</u>, 407 U.S. 67, 95 (1972) ("[W]aiver of constitutional rights in any context must, at the very <u>least</u>, be clear.); <u>Aetna Ins. Co. v. Kennedy</u>, 301 U.S. 389, 393 (1937) (stating that courts should "indulge every reasonable presumption against waiver" in a civil case where fundamental rights were at issue).  In this case, the intent to subject North American purchasers to the jurisdiction of this Court is not sufficiently clear to amount to waiver of a constitutional right to due process.

Bell Canada's constitutional objections to personal jurisdiction are not insignificant.  It is undisputed for purposes of this motion that Bell Canada's only "contact" with Maryland—and

with the entire United States for that matter—is the EULA.  <u>See</u> Def's Mot. 11–14; Pls' Opp'n 3. Whether that sole contact meets the "minimum contacts" requirement of constitutional due process is doubtful.  <u>See</u> <u>World-Wide Volkswagen v. Woodson</u>, 444 U.S. 286, 291 (1980) ("[A court] may exercise personal jurisdiction over a nonresident defendant only so long as there exist 'minimum contacts' between the defendant and the forum State.").  Consequently, if the forum selection clause were found to be enforceable against Bell Canada, there would be a serious question as to whether its enforcement would be "unreasonable under the circumstances."  <u>See</u> <u>Bremen</u>, 407 U.S. at 10; <u>Allen</u>, 94 F.3d at 928.

Due to the fundamental interests at stake, the Court interprets the forum selection clause as being ineffective to constitute consent to personal jurisdiction of this Court over a license executed by North American purchasers of Micro Focus' software.  Thus, Bell Canada did not waive its objections to personal jurisdiction when it executed the EULA.  As mentioned, Bell Canada's other personal jurisdiction objections are uncontested by Micro Focus.  <u>See</u> Pls' Opp'n 3. ("[F]or purposes of this motion only, the Plaintiffs do not contest Bell Canada's contentions regarding the long-arm statute and constitutional 'minimum contacts.'").  Accordingly, Bell Canada is not subject to the personal jurisdiction of this Court.

For the foregoing reasons, the Court will grant Bell Canada's Motion To Dismiss by a separate order.

Date:  February 23, 2010

                                                                    /s/
                                                     ROGER W. TITUS
                                                     UNITED STATES DISTRICT JUDGE